UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WAYNE ULIT,<br><br>　　　　　Defendant. | Case No.: 1:24-cv-00509-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED<br><br>(Doc. 10)<br><br>ORDER DENYING MOTION TO EXCUSE LATE FILING AS MOOT<br><br>(Doc. 9)<br><br>**21-DAY DEADLINE**<br><br><u>Clerk of the Court to Assign District Judge</u> |

Plaintiff Michael Thomas is a prisoner in federal custody proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action with the filing of a complaint on April 29, 2024. (Doc. 1). After the Court issued the first screening order granting leave to amend (Doc. 6), Plaintiff filed a first amended complaint (Doc. 10).

### I.　　MOTION TO EXCUSE LATE FILING

On March 28, 2025, Plaintiff filed a motion to excuse the late filing of his first amended complaint. As the Court has accepted Plaintiff's first amended complaint as the operative complaint for screening purposes, the Court will deny the motion (Doc. 9) as moot. The Court will proceed to screen Plaintiff's first amended complaint below.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III.   PLEADING REQUIREMENTS

### A.   Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin*., 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks &

2

citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B.  Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation") (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976)). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### IV.    DISCUSSION

Plaintiff's first amended complaint asserts one cause of action, namely deliberate indifference to serious medical needs under the Eighth Amendment, against Defendant Wayne Ulit, a physician at Kern Valley State Prison ("KVSP"). *See* (Doc. 10). Plaintiff's current address is South Dakota State Penitentiary, 1600 North Drive, Sioux Falls, South Dakota. (Doc. 12). At the time of the events asserted in the complaint, Plaintiff was located at KVSP. *See* (Doc. 10).

///

### A. Legal Standards

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in '"significant injury or the unnecessary and wanton infliction of pain."'" *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (9th Cir. 2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096 (quotation marks omitted)).

As to the first prong, indications of a serious medical need "include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation & internal quotation marks omitted).

As to the second prong, deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (citation omitted). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847. In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to

4

his needs." *Jett*, 439 F.3d at 1096 (citing *McGuckin*, 974 F.2d at 1060).

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id*. (quoting *Gibson v. Cnty. of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

To prevail on a deliberate indifference claim, a plaintiff must also show that harm resulted from a defendant's wrongful conduct. *Wilhelm*, 680 F.3d at 1122; *see Jett*, 439 F.3d at 1096; *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (prisoner alleging deliberate indifference based on delay in treatment must show delay would cause significant injury).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon,* 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citations omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances … and … that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

### B.  Factual Allegations

According to his allegations, Plaintiff was transferred to KVSP on December 18, 2015, and Defendant began working at the facility on January 1, 2016. (Doc. 10 at 12). Plaintiff provides background regarding his prescribed medication history for his herniated lumbar discs. *Id.* KVSP began giving him Toradol shots to treat his emergency episodes of breakthrough pain, receiving such shots numerous times in 2019. Defendant ordered or authorized "many, if not most, of said Toradol shots." *Id.* at 13.

On February 27, 2020, Plaintiff had an "episode of breakthrough pain and attendant spasms." *Id.* As he was in restraints at the time and could not use his hands to brace himself, he fell to the floor and began striking his body on the floor, bench, sink, and toilet. Staff attempted to hold

5

Plaintiff still but this "was making it worse." Plaintiff "kept begging to have his hands freed so that he could better fight the spasms." Plaintiff felt his "wrists would break from the constant violent jerking against the cuffs." Custody staff agreed to remove his cuffs if medical staff consented but were repeatedly refused. "After some time, the spasms subsided and [P]laintiff lay still on the floor for about ten minutes … Staff then tried to put [P]laintiff on a gurney, but lying flat was impossible due to the pain." Plaintiff was able to eventually "kneel backwards on the wheelchair." *Id.*

Staff pushed him a "few doors down to one of the TTA[1] rooms where the Toradol shots were administered." Defendant entered and said he needed to examine Plaintiff. Plaintiff informed him that if he were moved it would trigger the spasms. Defendant then began "pushing and prodding Plaintiff several times in quick succession, trigger a second episode of spams." Plaintiff was jerked out of the wheelchair and fell to the floor while involuntarily spasming. Defendant stated that he could not examine Plaintiff if he would not be still, but Defendant "already knew that Plaintiff couldn't be still, had no control over his spasms, and could only wait for them to subside." *Id.* at 14.

Officers then uncuffed one of Plaintiff's hands, leading to "immediate and significant" improvement. Plaintiff was still in severe pain but not spasming. After this, however, a third episode occurred. Custody staff eventually freed Plaintiff's other hand. After five more minutes, Plaintiff was able to stand. Plaintiff informed custody staff that now would be the "perfect time" to examine him, before "the spasms returned." Defendant returned to the room, did not examine Plaintiff, and offered Plaintiff Tylenol 3. Plaintiff said, "You know that doesn't work." Defendant said, "It has codeine." Plaintiff responded that they had "already been through that and you know that doesn't work. And even if it did work, it would take forever to kick in. I need relief now, not hours from now. You know I need Toradol." *Id.*

Defendant refused and instructed Plaintiff to "get on the table for examination." Plaintiff did so slowly and "struggled into a tolerable position. Defendant began touching Plaintiff's lower back to see if that [hurt], which it did not." Upon Defendant reaching to move Plaintiff's leg,

---

[1] The Court presumes Plaintiff uses "TTA" here as an acronym for "Triage and Treatment Area." *See* Cal. Code Regs. Tit. 15, § 3999.303(b)(6)(A).

Plaintiff informed him that an episode would ensue. Defendant "pushed Plaintiff's knee over and triggered a fourth episode of spasms." After it subsided, Defendant offered Plaintiff Tylenol 3, which Plaintiff refused. Plaintiff said, "I want Toradol, like always. I need the shot, Ulit." *Id.*

Defendant told custody staff to return Plaintiff to his cell. Plaintiff informed Defendant that, if he was sent back, he would have more spasms in his cell that night. *Id.* at 14-15. Plaintiff was told by Defendant that, if he will not accept the Tylenol, there was nothing further he could do for him. Defendant then left and Plaintiff experienced approximately five more episodes of spasms in his cell that night. *Id.* at 15.

Plaintiff asserts Defendant knew that, in such situations, Plaintiff was in extreme pain and moving him would increase the pain and possibly trigger spams. Defendant had been Plaintiff's "PCP for at least the previous seven years" and they "had experienced this scenario numerous times, and it was usually routine." *Id.* at 15. Plaintiff cites excerpts from a deposition of Defendant allegedly taken on September 28, 2021, in *Thomas v. Davey* (Case No. 1:19-CV-00333-JLT-SAB; concerning a prior incident in 2014) throughout. *Id.* at 10-11, 15-16, 19, 23-25. Plaintiff also cites to progress notes from Defendant prescribing Toradol shots in September 2021, and one Dr. Patel prescribing them in April 2019. *Id.* at 16-17. Plaintiff states Defendant also ordered Toradol shots in September and November 2019, and provides numerous dates where he received such shots at KVSP in 2019, 2020, 2021, and 2022, with "[m]any, if not most," ordered by Defendant. *Id.* at 17, 27. Plaintiff cites to additional progress notes from treating nurses at KVSP regarding his inability to be still, which he asserts Defendant understood. *Id.* at 17-18.

Plaintiff asserts that Defendant knew that no oral medications were effective at treating his breakthrough pain and states that, on several occasions, Defendant prescribed him Tylenol 3 in conjunction with Toradol. *Id.* at 20-21. Plaintiff provides a history of Defendant prescribing him Toradol shots for pain, beginning in 2013. *Id.* at 21-22.

### C. Analysis

Liberally construing the complaint, Plaintiff has again failed to allege an Eighth Amendment claim of deliberate indifference to serious medical needs against Defendant. As to the first prong of the analysis, Plaintiff has established the existence of a serious medical need, namely

his suffering severe spasms and pain. But as to the second prong, Plaintiff does not assert facts establishing that Defendant was deliberately indifferent to this need. Defendant prescribed Plaintiff Tylenol 3, which Plaintiff refused. The fact that Plaintiff sought Toradol does not establish deliberate indifference, as a difference of opinion on treatment between patient and provider does not give rise to a claim. *Franklin*, *supra*, 662 F.2d at 1344; *see Hart v. Kernan*, No. 19-04331 EJD (PR), 2021 WL 5045316, at *9 (N.D. Cal. Sept. 27, 2021), *aff'd sub nom. Hart v. Foss*, No. 21-16802, 2023 WL 370973 (9th Cir. Jan. 24, 2023) ("When Defendant Ibrahimi saw Plaintiff again after his second fall on January 19, he did prescribe a temporary cane, at Plaintiff's request, and prescribed a trial of magnesium to address muscle spasms. Plaintiff's difference of opinion as to what Defendant Ibrahimi should have prescribed or ordered to treat his back pain and falls cannot demonstrate deliberate indifference.") (internal citation omitted).

Though Plaintiff asserts that Defendant knew no oral medications were effective at treating his breakthrough pain, Plaintiff also asserts that Defendant did not discontinue Toradol shots entirely but, rather, did not prescribe them for this instance. *See* (Doc. 10 at 27). Plaintiff has not alleged any facts from which any reasonable inference may be drawn that Defendant knew about and was deliberately indifferent to his medical needs and acted, or failed to act, knowing of a substantial risk of serious harm resulting from not prescribing Toradol shots for the February 27, 2020, instance. *See Lewis v. Wang*, No. 1:12-CV-01867-LJO, 2014 WL 1844556, at *5 (E.D. Cal. May 8, 2014), *report and recommendation adopted*, 2014 WL 3362234 (July 9, 2014) ("Plaintiff has shown that he has serious medical needs, because he suffers spasms in his lower back, and excruciating pain … Plaintiff has not shown that any of the Defendants knew about and deliberately disregarded his serious medical needs and acted, or failed to act, knowing of a substantial risk of serious harm or injury to Plaintiff … a showing of medical malpractice or even gross negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment.") (internal quotations and citation omitted).

### D. Further Leave to Amend Would Be Futile

Because Plaintiff's first amended complaint is deficient for the same reasons as those articulated in the Court's first screening order (*see* Doc. 6) and because Plaintiff has failed to

remedy those deficiencies, the Court assesses that Plaintiff cannot cure his pleadings and, thus, that leave to amend would be futile. *See Hartmann v. CDCR*, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (affirming dismissal of first amended complaint and finding leave to amend futile where complaint's allegations belied plaintiff's entitlement to relief).

## V.   CONCLUSION, ORDER, AND RECOMMENDATION

The Clerk of the Court is directed to randomly assign a District Judge.

For the foregoing reasons, it is HEREBY ORDERED that Plaintiff's motion to excuse late filing (Doc. 9) is DENIED as moot.

And it is HEREBY RECOMMENDED that this action be dismissed, without leave to amend, based on Plaintiff's failure to state a claim upon which relief can be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **January 13, 2026**                    _____

UNITED STATES MAGISTRATE JUDGE

9