**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL THOMAS,<br>Plaintiff,<br>v.<br>WAYNE ULIT,<br>Defendant. | Case No. 1:24-cv-00509 JLT CDB (PC)<br><br>ORDER DENYING PLAINTIFF'S FIFTH MOTION FOR AN EXTENSION OF TIME<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING ACTION FOR FAILURE TO STATE A CLAIM, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Docs. 14, 24) |

Michael Thomas asserts that Dr. Wayne Ulit, a physician at Kern Valley State Prison, was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. (*See generally* Doc. 10.) The magistrate judge screened Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A(a) and found he failed to state a cognizable claim. (Doc. 14.)

The magistrate judge found that Plaintiff alleged "the existence of a serious medical need," related to "severe spasms and pain." (Doc. 14 at 7-8.) However, the magistrate judge found that Plaintiff failed to "assert facts establishing that Defendant was deliberately indifferent to this need." (*Id.* at 8.) The magistrate judge noted that Plaintiff prescribed pain medication, which Plaintiff refused and requested a different medication. (*Id.*) The magistrate judge observed, "a difference of opinion on treatment between patient and provider does not give rise to a claim." (*Id.*, citing *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).) The magistrate

judge found that further leave to amend the complaint was futile because the Court previously provided the legal standards for the claim and Plaintiff "failed to remedy those deficiencies." (*Id.* at 9.) Therefore, the magistrate judge recommended the action be dismissed "for failure to state a claim upon which relief can be granted." (*Id.*)

On January 14, 2026, the Court served the Findings and Recommendations on Plaintiff and informed him that any objections were due within 21 days. (Doc. 14 at 9.) The Court also advised him that the "failure to file any objections within the specified time may result in the waiver of certain rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Since that time Plaintiff has requested, and received, four extensions of time to file objections to the Findings and Recommendations. (*See* Docs. 16, 19, 21, 23.) In the fourth request, Plaintiff reported that he was placed in the SHU, without his legal documents. (Doc. 22.) He indicated that he would be released from the SHU on July 30, 2026, and would "receive his property and legal materials from prison officials shortly thereafter." (*Id.* at 2.) The Court granted the request for a further extension of the deadline and ordered Plaintiff to file his objections no later than September 4, 2026. (Doc. 23 at 2.)

On September 8, 2026, the Court received a fifth request for an extension of time dated August 31, 2026. (Doc. 24.) Plaintiff reports that, as anticipated, he was released from the SHU on July 30, 2026, and received his legal materials. (Doc. 24 at 1.) He indicates that after his release, he drafted numerous legal documents in other pending cases, including objections in another action, discovery requests, a motion to stay, and a new tort claim. (*Id.*) Plaintiff contends that before he completed the new tort claim, he was again placed in the SHU on August 26, 2026. (*Id.*) Based upon the information provided, it is clear that Plaintiff had both the time and ability to prepare objections by the ordered deadline yet elected to prioritize and prepare other documents. He does not demonstrate good cause for a fifth extension of time, particularly as he was granted approximately eight months to prepare objections to the pending Findings and Recommendations.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the entire matter, the Court concludes that the Findings and

Recommendations are supported by the record and by proper analysis. There is nothing on this record to support a conclusion that Plaintiff could cure the deficiencies to state a claim under the Eighth Amendment. Thus, the Court **ORDERS**:

1. Plaintiff's request for an extension of time (Doc. 24) is **DENIED**.
2. The Findings and Recommendations issued on January 14, 2026 (Doc. 14) are **ADOPTED** in full.
3. The action is **DISMISSED** for failure to state a claim.
4. The Clerk of Court is directed to **CLOSE** this case.

IT IS SO ORDERED.

Dated: _September 17, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE